INDIA MUTUAL INSURANCE COMPANY *vs.* JAMES BIGLER & another.

NEW ENGLAND MUTUAL INSURANCE COMPANY *vs.* SAME.

SHOE & LEATHER INSURANCE COMPANY *vs.* SAME.

Suffolk.    November 18, 1881. — January 5, 1882.

An application for a commission to take the deposition *in perpetuam* of a witness without the State can, if the only persons adversely interested also reside without the State, only be made under the Gen. Sts. c. 131, §§ 52–58; the notices required by those sections should be given, and not those required by §§ 46–51; and the court has no discretionary power to grant an application and issue the notices under the latter sections.

ENDICOTT, J.    These are applications, made under the Gen. Sts. c. 131, §§ 46–51, by corporations within this State for commissions to take depositions *in perpetuam* of certain witnesses without the State, and the only persons mentioned as adversely interested reside in the State of New York. These persons, having been served within that State with the notice provided in § 48, object that the court has no jurisdiction under §§ 46–51,

to issue the commissions asked for; but that the applications should be made under §§ 52–58, and the notices required by those sections should be given.

The sections 46–51 provide for the taking of depositions, in any other State or a foreign country, of witnesses living without the State, upon a commission to be issued by the Supreme Judicial or Superior Court. By § 48 the court shall order notice of the application to be served " on all the persons mentioned therein as adversely interested in the case, and living within the State," fourteen days at least before the time appointed for hearing the parties. It is to be observed that the notice is to be served only on parties living within the State; no provision in terms is made for service on parties adversely interested residing out of the State. By § 51, the person proposing to take the deposition may, at his election, file his application in the clerk's office in vacation, and may cause notice to be given " to the persons therein named as adversely interested," by serving them with an attested copy of the application fourteen days at least before the next term of the court. It is plain that the words " persons therein named as adversely interested " refer to the same persons named in § 48, " as adversely interested in the case, and living within the State; " for the same application may be served, at the election of the applicant, under § 48 or § 51. No provision in terms is made in § 51 for service of notice in another State on persons who, like these respondents, reside out of the State. It may also be observed that the time of notice in both sections is the time established by statute for service of process on parties within the State. And it is not to be presumed, in the absence of express words, that the Legislature intended that notice should issue from a clerk's office in vacation, to be served on parties adversely interested in a distant State or a foreign country but fourteen days before the return day in this State.

It would seem to be sufficiently apparent that these sections were not intended to apply to those cases where all the parties adversely interested reside out of this State. But §§ 54–58 settle the question beyond doubt. They provide that depositions to perpetuate the testimony of witnesses within or without the State, to be used as evidence against all persons, may be

taken upon a commission to be issued after public notice by the Supreme Judicial or Superior Court. The court shall, in addition to the proceeding before described, require the applicant to state, upon oath or otherwise, all persons known or supposed to be interested in the case, and shall direct in the commission that the commissioner publish, in such newspapers within or without the State as the court may consider most effectual, such notice of the time and place of taking the deposition, and the subject matter thereof, as the court may think proper. This notice shall be addressed specially by name to all persons known or supposed to be interested in the case, and to all other persons generally, that they may attend and cross-examine the witnesses. The court may also direct personal notice of the time and place of taking, and the subject matter thereof, to be given to such persons, and in such manner, as under all circumstances seem proper.

Ample provision is thus made for proper notice and service of the same without the State; and, taking in view all the provisions of this chapter relating to commissions to be issued by this court or the Superior Court to take depositions *in perpetuam*, we are of opinion that the ruling of the Chief Justice, to whom the applications were made, was right. This ruling was, that the service of the notice without the State was of no legal validity or effect, and that, in view of the powers conferred upon the court by §§ 54–58, to secure the interests of all parties, the applicants should be left to their rights under these sections. The provisions of the statute are so explicit that no discretion is left to the court to grant their applications and issue the notice under §§ 46–51.

The statutes of Maine do not contain provisions like §§ 54–58, recited above, while they have provisions similar to §§ 46–51. See Rev. Sts. of Maine, 1871, *c*. 107, §§ 26–28. The decision, therefore, of the Supreme Judicial Court of Maine which has been called to our attention, *Ocean Ins. Co.* v. *Bigler*, 72 Maine, 469, construes a statute differing materially from our own.

*Applications dismissed.*

*J. C. Dodge & F. Dodge*, for the petitioners.
*N. Morse & H. G. Allen*, for the respondents.